**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD COY, | ) | CASE NO. 1:12-CV-00381 |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | **ORDER** |

On February 11, 2013, Plaintiff Richard Coy ("Coy"), through counsel Linda S. Pettit ("Pettit"), filed a timely application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 23.)  The Commissioner of Social Security ("Commissioner") filed a response requesting that Coy's motion be denied.  (ECF No. 25.)  Coy filed a reply on March 20, 2013.  (ECF No. 27.)  For the following reasons, Coy's motion for attorney fees is GRANTED.

## I.  Procedural History

The instant action was filed on February 16, 2012.  (ECF No. 1.)  On November 13, 2012, the Court vacated the decision of the Commissioner and remanded the matter for further proceedings.  (ECF Nos. 21 & 22.)  Coy subsequently filed a motion requesting attorney fees pursuant to the EAJA in the amount of $4,172.25, representing 23.5 hours.  (ECF No. 23.)  The Commissioner opposes the request and asserts that the government's position was substantially justified.  (ECF No. 25.)  The Commissioner also challenges the rate of the fees requested, but not the number of hours claimed.  *Id.*  Coy also filed a supplement to the motion for attorney fees, requesting an additional $656.75 for 3.7 hours of work associated with preparing the reply

brief.  (ECF Nos. 27 & 28.)

## II.  Analysis

### A.    Applicable Law

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust.  *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (*quoting Scarborough v. Principi*, 504 U.S. 401 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A).  It is undisputed that Coy is an eligible and prevailing party.

The "substantial justification standard" is essentially one of reasonableness.  *Sullivan v. Hudson*, 490 U.S. 877, 884 (1989); *Pierce v. Underwood*, 487 U.S. 552, 562-565 (1989).  The pertinent inquiry is whether the Commissioner's position in initially denying benefits and defending the denial in federal court had a reasonable basis in law and fact.  *Pierce*, 487 U.S. 552, 565; *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999 (unpublished).  The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, fails to "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA.  *Id.*; *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).

The Sixth Circuit has ordered awards of attorneys' fees under the EAJA where the government's litigating position was inconsistent with established precedent.  *See, e.g., Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir. 1997).  In addition, "Social Security Rulings are binding on all components of the Social Security Administration.  These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'"  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (*quoting* 20 C.F.R. § 402.35(b)(1)).  The Commissioner bears the burden of establishing that his position was substantially justified.  *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004); *Peck v. Comm'r of Social Sec.*, 165 Fed. Appx. 443, 446 (6th Cir.2006).

### B.    Commissioner's Litigation Position

The Commissioner asserts that his position was substantially justified because "[t]he

2

ALJ's ultimate decision that Plaintiff had serious mental and physical limitations but could nonetheless perform a significant number of jobs was supported by multiple opinions in the record." (ECF No. 25 at 3-4.) The Commissioner contends that the ALJ's failure to articulate the reasons for discounting the opinion of Dr. Garlisi, a treating physician, was merely an error in articulation that does not justify the imposition of EAJA fees. *Id.*

> In the Memorandum Opinion and Order, this Court concluded as follows:
>
> The ALJ's only explanation with respect to the weight he ascribed to Dr. Garlisi's August 2, 2010, assessment is as follows: "The undersigned [ALJ] assigns minimal weight to the opinions in Exhibit B22F.... The opinions in Exhibit B22F ... are given minimal weight because they are not supported by and they are not consistent with the record as a whole (120 CFR 404.1527 and SSR 96-6p)." The Court finds this explanation to be perfunctory and legally insufficient. Without any meaningful analysis, the Court cannot discern how Dr. Garlisi's opinion was inconsistent with the record as a whole. Because the ALJ did not provide an analysis that is sufficiently specific, Coy's argument that the ALJ failed to give good reasons for rejecting Dr. Garlisi's opinion is well-taken. The Court is unable to trace the path of the ALJ's reasoning as his analysis was insufficient under the Administration's procedural rules.

(ECF No. 21 at 13.)

The Commissioner contends that Sixth Circuit precedent compels a finding that his litigation position was substantially justified. (ECR No. 25 at 4-6.) The Commissioner relies on an unpublished decision of the Sixth Circuit finding that an ALJ's lack of adequate articulation concerning whether a claimant met or equaled a listing "does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999). The Commissioner's reliance on *Anderson* is misplaced. First, the *Anderson* court did *not* find that inadequate articulation can *never* result in an award of EAJA fees. Moreover, the *Anderson* decision is distinguishable from the present case. In *Anderson*, the issue before the court was whether an ALJ's analysis was sufficient with respect to his finding that the claimant failed to meet or equal a listing.[1] "[T]o date, no published Sixth Circuit case requires an ALJ to articulate in any particular detail the manner in which a claimant failed to meet or equal a Listing. To the

---

[1] A number of the other cases cited by the Commissioner are also inapposite, as they do not implicate the failure to give good reasons for rejecting a treating physician's opinion.

contrary, historically the Sixth Circuit has required only minimal articulation at Step 3 of the sequential analysis." *Clemmons v. Astrue*, 2012 WL 219512 (S.D. Ohio Jan. 25, 2012) report and recommendation adopted sub nom. *Clemmons v. Comm'r of Soc. Sec.*, 2012 WL 554423 (S.D. Ohio Feb. 21, 2012) (citations omitted).

Conversely, this case presented the issue of whether the ALJ gave a sufficient explanation as to why the claimant's treating physician's opinion was rejected.  The regulations themselves require the ALJ to give "good reasons" for the weight ascribed to a treating source's opinion.  20 C.F.R. § 416.927(c)(2).  Frequently, deciding whether the reasons given for the weight ascribed to an opinion satisfies the treating physician rule is no easy task.  The Commissioner's decision to defend an ALJ's determination where he or she offers reasons for the decision may very well be substantially justified in most cases, even if those reasons ultimately fail to satisfy a reviewing court.  In one of the cases cited by the Commissioner, his litigation position was found to be substantially justified despite a finding that the weight accorded the treating physician was not adequately explained.  *See Saal v. Comm'r of Soc. Sec. Admin.*, 2010 WL 2757554 (W.D. Mich. June 24, 2010) report and recommendation adopted, 2010 WL 2757779 (W.D. Mich. July 13, 2010).  In that case, however, the Magistrate Judge readily acknowledged that the issue was a "close call."  *Id.*  Here, by contrast, the only "reasons" given by the ALJ for rejecting Dr. Garlisi's opinions were so conclusory and perfunctory as to be the equivalent of giving no reason at all.  This case was not a close call.  While there might be sufficient *factual* evidence in the record to support the ALJ's decision, the government's decision to defend a deficient opinion is not thereby rendered *per se* reasonable.  The Commissioner's litigation position must have a reasonable basis in both law ***and*** fact.  Here, the former was clearly lacking.  Thus, the Court finds Coy is entitled to attorney fees under the EAJA.

### C.  Amount of Fees and Payment

Under the EAJA, the amount of attorney fees awarded shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ". . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost

of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court must review Coy's application for attorney's fees to determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts are obligated to prune unnecessary hours from fee petitions because, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The Commissioner contends that the evidence submitted by Pettit – a reference to the Consumer Price Index ("CPI"), an Ohio bar Survey, and affidavits from other practicing attorneys – did not satisfy her burden for an upward adjustment in the statutory cap of $125 per hour. (ECF No. 25.) This argument is based on *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009). In *Bryant*, the Sixth Circuit found that the district court did not abuse its discretion in limiting fees to the EAJA's $125 statutory cap, explaining as follows:

> In requesting an increase in the hourly-fee rate, ***Plaintiffs bear the burden of producing appropriate evidence to support the requested increase***. *See Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at 895 n.11.
>
> ***
>
> Here, Plaintiffs failed to meet their burden of proof, and the district court, in each case, appropriately noted the lack of proffered evidence. In fact, in both cases, ***Plaintiffs submitted only the Department of Labor's Consumer Price Index***, arguing that the rate of inflation supported an increase in fees. ***This is not enough***, and the district court did not abuse its discretion in denying Plaintiffs' requests.

*Bryant*, 578 F.3d at 450 (emphasis added); *accord Sutton v. Astrue*, 2012 U.S. Dist. LEXIS 63578 (S.D. Ohio May 7, 2012) (finding that a plaintiff's counsel seeking a higher hourly rate [than $125] bears the burden of producing appropriate evidence to support the requested increase); *Willis v. Astrue*, 2012 U.S. Dist. LEXIS 18393 (S.D. Ohio Feb. 14, 2012) (finding

5

counsel's inclusion of the Department of Labor's Consumer Price index is legally insufficient evidence to justify a higher hourly); *Zellner v. Astrue*, 2012 U.S. Dist. LEXIS 11560 at **5-6 (S.D. Ohio, Jan. 30, 2012) ("Attaching to the original motion just the affidavit of his attorney, James Roy Williams, Esq., in which Mr. Williams details his professional experience, accompanied by the Department of Labor's Consumer Price Index falls short of what *Bryant* demands."); *Bushor v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86805 (S.D. Ohio 2011) (denying attorney fees in excess of $125 per hour where plaintiff only submitted the Consumer Price Index as justification for a higher fee); *cf. Grady v. Astrue*, 2012 U.S. Dist. LEXIS 18423 (S.D. Ohio Feb. 14, 2012) (finding the affidavit of plaintiff's attorney setting forth his normal hourly rate and discussing fees customarily charged in the locality was sufficient to satisfy an upward departure from the $125 cap).

Attorney Pettit submitted the following evidentiary materials in her motion for EAJA fees, which she believes justifies an upwards departure from the statutory cap:

- From the Ohio State Bar Association, a report entitled "The Economics of Law Practice in Ohio, Desktop Reference for 2010," indicating that the average hourly billing rate of attorneys in the greater Cleveland area in 2010 was $239, while the median rate was $210. (Doc. No. 23-1 at 23.) The report also indicates that in the field of administrative law, the average hourly billing rate in Ohio in 2010 was $203, while the median rate was $180. *Id.* at 24.

- The affidavit of Sabrina Veal, a case manager at Pettit's law office. (ECF No. 23-3.) Ms. Veal states that hourly rate for attorneys' time at the law office has ranged from $250 to $385 over the past two years. *Id.*

- The affidavit of attorney Louise Mosher, who states that she has represented thousands of social security disability claimants and charges an hourly rate of $350.00 per hour. (ECF No. 23-4.)

- A report prepared by Ronald L. Burdge entitled "United States Consumer Law Attorney Fee Survey Report 2010-2011" indicating that, in the Ohio region, attorneys with at least one year of experience in Consumer Law bill at a rate of $229 per hour. (www.lb7.uscourts.gov/documents/ILSD/11-53.pdf)

- Her own affidavit that she has been representing social security disability claimants since 1978 at both the administrative level and in federal court. (ECF No. 23-2.) She also indicates that social security disability law has been her primary area of practice since that time. *Id.*

The Commissioner argues that the above cited evidence is not specific to the field of social security disability law practice. This Court has addressed nearly identical arguments

previously in *Jaworski v. Astrue*, 1:10-CV-02936, 2012 WL 3552634 (N.D. Ohio Aug. 16, 2012), *Vasquez v. Astrue*, 3:11-CV-0177, 2012 WL 3637676 (N.D. Ohio Aug. 22, 2012), and *Mohr v. Comm'r of Soc. Sec.*, 3:11CV2731, 2013 WL 557176 (N.D. Ohio Feb. 12, 2013).  In those cases, the plaintiffs demonstrated that increases in law firm expenses in the relevant time frame had outpaced cost-of-living increases.  While valuable, such evidence was not offered here.  Nonetheless, given that the requested fee is less than both the average and median rates for the practice of administrative law in Ohio, together with the affidavits submitted, allows the Court to find Pettit has demonstrated that an upward departure from the statutory cap is appropriate.

Attorney Pettit requests an hourly rate of $177.50 based on the "Consumer Price Index - All Urban Consumers" ("CPI") for "All Items" in the Cleveland-Akron area.  This Court has previously held that the "Midwest Urban" CPI "is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis."  *Killings v. Comm'r of the SSA*, 2009 U.S. Dist. LEXIS 108524 (N.D. Ohio, Oct. 8, 2009).  The Court believes this finding is consistent with the *Bryant* decision, which observed that requested fee rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Bryant*, 578 F.3d 443, 450 (6th Cir. 2009) (*quoting Blum v. Stenson*, 465 U.S. 886, 894 n. 11 (1984)); *see also Ralston v. Astrue*, 2011 U.S. Dist. LEXIS 153167 at **14-15 (E.D. Mich. Aug. 30, 2011) (finding that the relevant market for calculating attorneys fees for a court sitting in the eastern District of Michigan is the Detroit market and utilizing the U.S. Department of Labor's CPI-U for the Detroit-Ann Arbor-Flint area); *Rodriguez v. Astrue*, 3:11-cv-00398 (N.D. Ohio, July 16, 2012) (finding the Midwest CPI more appropriate than the U.S. City Average CPI).

Utilizing the "Midwest Urban" CPI for "All Items" for "All Urban Consumers" in the Cleveland-Akron area, the index for March of 1996 was 150.9.[2] (Series Id: CUUR0210SA0,

---

[2]  The above figures are from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov

CUUS0210SA0.)  The annual index for all of 2012 was 214.706.  *Id*.  Given these figures, the appropriate hourly rate, using $125 as a base, would be $177.85.[3]  As attorney Pettit has asked for a fraction less, $177.50 per hour, the Court finds the requested rate reasonable.

### III.  Conclusion

Coy's application for attorney fees under the EAJA (ECF No. 23) is hereby GRANTED. This Court authorizes Defendant to make payment to Coy for 27.2 hours of work at a rate of $177.50 per hour – a sum of $4,828.00.

IT IS SO ORDERED.

s/ Greg White
United States Magistrate Judge

Date: April 8, 2013

---

[3]  150.9 is to 214.706, as $125 is to x, resulting in x equaling $177.85.

8